UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LORI CAGE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-499** |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ET AL.** | **SECTION: "P" (1)** |

## ORDER AND REASONS

On March 13, 2025, Defendant David Spidle removed this action to federal court from the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana. The Notice of Removal alleges this Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332(a)—the diversity jurisdiction statute.[1] The Notice of Removal further alleges that Plaintiff, a citizen of Louisiana, is completely diverse from Defendants David Spidle and State Farm Mutual Automobile Insurance Company, who are not citizens of Louisiana.[2] The Notice of Removal then goes on to state that "[r]emoval to federal court is proper under 28 U.S.C. § 1441(b)(2)" and that Defendant Jalen Robinson "has not yet been properly served or joined as a defendant in this matter" and, thus, his "domicile does not yet factor into the removability analysis under 28 U.S.C. § 1332(a)."[3]

Defendant Spidle is incorrect that the lack of service on Defendant Robinson renders his citizenship irrelevant for purposes of removability and establishing subject matter jurisdiction.[4] As the Fifth Circuit has explained, "a defendant's 'non-diverse citizenship cannot be ignored simply because he was an unserved defendant.'"[5] Rather, "[w]henever federal jurisdiction in a removal

---

[1] R. Doc. 1 at ¶ 11.
[2] R. Doc. 1 at ¶ 11(a)–(c).
[3] R. Doc. 1 at ¶ 12(a).
[4] *See In re Levy*, 52 F.4th 244 (5th Cir. 2022).
[5] *Id.* at 248 (citing *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998)).

case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service."[6] Thus, "[a] non-resident defendant cannot remove an action if the citizenship of any co-defendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or non-service upon the co-defendant."[7] Accordingly, the citizenship of Defendant Robinson must be considered for purposes of determining the Court's subject matter jurisdiction, regardless of the fact that Defendant Robinson was not yet served at the time the action was removed from state court.[8]

Although this issue has not been raised by any party, the Court has the responsibility to consider the question of subject matter jurisdiction *sua sponte*.[9] And based on the record before the Court, it appears Defendant Jalen Robinson is, and was at all relevant times, an individual domiciled in the State of Louisiana. Thus, for purposes of § 1332(a), Plaintiff and Defendant Robinson are both citizens of Louisiana, and complete diversity is lacking. Under 28 U.S.C. § 1447(c), a case shall be remanded to state court if at any time before final judgment it appears that the district court lacks subject matter jurisdiction.

Accordingly,

**IT IS ORDERED** that this matter shall be remanded to the 21st Judicial District Court for the Parish of Tangipahoa, **unless any party can show cause within seven (7) days of the date of this order why this matter should not be remanded for lack of subject matter jurisdiction.**

---

[6] *In re Levy*, 52 F.4th at 246 (citing *New York Life Ins. Co.*, 142 F.3d at 883).

[7] *New York Life Ins. Co.*, 142 F.3d at 883.

[8] Although the Notice of Removal on its face states that Defendant Robinson "has not yet been properly served or *joined*," this mention of joinder appears to be merely a reference to the language of 28 U.S.C. § 1441(b)(2) in an effort to assert the propriety of removal in light of the forum-defendant rule. See R. Doc. 1 at ¶ 11(a). Indeed, the Notice of Removal lacks any additional allegations regarding the joinder of Defendant Robinson, and the Court has no reason to find that Defendant Robinson was improperly joined in this action to defeat subject matter jurisdiction.

[9] *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985).

New Orleans, Louisiana, this 12th day of November 2025.


**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**